108 F.3d 1376
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James L. HAZARD, Plaintiff-Appellant,
v.
GILBANE BUILDING COMPANY, Defendant-Appellee.
 No. 96-3021.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1997.
 
 N.D. Ohio, No. 93-00795; Robert B. Krupansky, Judge.
 N.D.Ohio
 AFFIRMED.
 Before: JONES, SUHRHEINRICH, and SILER, Circuit Judges.
 
 ORDER
 
 1
 James L. Hazard, a Georgia citizen, appeals pro se the summary judgment for defendant in this diversity action for libel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Hazard filed this action against his former employer in an Ohio Common Pleas court. Hazard alleged that the defendant had defamed him in an application for long-term disability benefits submitted to an insurance company, when it was reported that Hazard was laid off due to unsatisfactory performance and lack of work. The defendant, a Rhode Island corporation headquartered in Ohio, removed the action to federal district court. The district court adopted the recommendation of a magistrate judge to grant defendant's motion for summary judgment. On appeal, Hazard argues that the district court took longer than contemplated by its local rules to dispose of this action, never set a discovery cut-off date, did not docket all of his correspondence, and should not have considered the affidavits submitted in support of defendant's motion. Defendant has requested that sanctions be imposed in the form of double costs and attorney fees.
 
 
 3
 Upon review, we conclude that the summary judgment for defendant must be affirmed, as there is no genuine issue of material fact and it is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The district court properly applied Ohio law in determining that the statement at issue was protected by a qualified privilege and that Hazard had presented no evidence that defendant acted with knowledge that its statement was false or with a reckless disregard as to its truth or falsity. See Jacobs v. Frank, 573 N.E.2d 609, 612-14 (Ohio 1991); McCartney v. Oblates of St. Francis de Sales, 609 N.E.2d 216, 222-25 (Ohio App.1992). The arguments raised by Hazard on appeal are frivolous.
 
 
 4
 The assessment of attorney fees as a sanction for frivolity is not appropriate in this case, as Hazard has no record of previous frivolous litigation in this court. See Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987). However, defendant is invited to submit a motion for double costs for the court's consideration pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912, to which Hazard may file a response. The district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.